UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERI BONVICINO, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:07CV78 JCH |
| ) | |
| SECURITY SERVICES OF AMERICA, ) | |
| L.L.C., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, filed February 13, 2007. (Doc. No. 4). The matter is fully briefed and ready for disposition.

## BACKGROUND

On June 6, 2006, Plaintiff Teri Bonvicino dually filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights (MCHR), alleging sexual harassment, sex discrimination and retaliation against her employer, Security Services of America, L.L.C. (EEOC Charge of Discrimination, attached to Defendant's Memorandum in Support of Motion to Dismiss Plaintiff's Complaint ("Defendant's Memo in Support") as Exh. A). The EEOC issued a Dismissal and Notice of Rights letter on June 6, 2006, warning Plaintiff that she must file her lawsuit within ninety days of receipt of the notice. (Dismissal and Notice of Rights, attached to Defendant's Memo in Support as Exh. B). On July 20, 2006, the MCHR informed Plaintiff its Executive Director had administratively closed her case, based on the EEOC's processing. (MCHR Letter, attached to Defendant's Memo in Support as Exh. C). Although the MCHR letter informed Plaintiff she could appeal the closure decision by filing an appeal

in the Missouri Circuit Court of Cole County, Plaintiff did not appeal the MCHR decision. (Id.; see also Defendant's Memo in Support, P. 2).

On or about July 5, 2006, Plaintiff filed her original Complaint against Defendant in the Circuit Court for Madison County, Illinois, alleging violations under Title VII and the Missouri Human Rights Act ("MHRA").[1] (Illinois Complaint, attached to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Complaint ("Plaintiff's Opp.") as Exh. A). On August 24, 2006, Defendant removed the case to the United States District Court for the Southern District of Illinois. (Notice of Removal, attached to Plaintiff's Opp. as Exh. B). Plaintiff then filed a Petition to Remand, which the Illinois District Court denied on December 27, 2006. (Defendant's Memo in Support, P. 3).

On August 24, 2006, Defendant filed a Motion to Dismiss or, in the Alternative, to Transfer Venue, in the Illinois suit, based on the specific venue provisions of Title VII. (Motion to Dismiss, attached to Plaintiff's Opp. as Exh. C). Plaintiff filed a response to Defendant's motion on October 12, 2006. (Memorandum of Law, attached to Plaintiff's Opp. as Exh. D, PP. 4-6).[2] On December 28, 2006, Judge Reagan of the Southern District of Illinois dismissed the case without prejudice due to improper venue, adding that, "Plaintiff may re-file this matter, if she so chooses, in an appropriate forum and jurisdiction." (Defendant's Memo in Support, attached Exh. D, P. 4).

---

[1] In both her Illinois Complaint and the instant Complaint, Plaintiff references "State Fair Employment Practices Statutes." Although Plaintiff does not reference the MHRA specifically, it remains the only applicable "State Fair Employment Practice Statute," as Defendant is located in Missouri, and Plaintiff's employment with Defendant occurred in Missouri.

[2] Defendant repeatedly asserts that Plaintiff completely failed to file a response to its Motion to Dismiss or Transfer Venue in the Illinois suit. (See, e.g., Defendant's Memo in Support, P. 3; Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, P. 8). Contrary to Defendant's suggestion, however, the Court finds Plaintiff did file a response, however inartful. Specifically, while her Memorandum of Law, filed in the United States District Court for the Southern District of Illinois on October 12, 2006, states it is in support of her Petition to Remand, the Court finds Plaintiff further attempts to dispute Defendant's Motion to Dismiss or Transfer Venue in that document. (See Plaintiff's Opp., attached Exh. D, P. 5). The District Judge in Illinois apparently recognized Plaintiff's effort as well. (See Memorandum and Order, attached to Defendant's Memo in Support as Exh. D, P. 3 ("Plaintiff has offered a response to Defendant's assertions....")).

On January 18, 2007, Plaintiff refiled her Complaint in this Court. (Doc. No. 1). As stated above, Defendant filed the instant Motion to Dismiss on February 13, 2007, asserting Plaintiff's Title VII and MHRA claims must all be dismissed for failure to state a claim. (Doc. No. 4).

## STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of her claim which would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332 (8th Cir. 1982) (internal quotations and citations omitted).

## DISCUSSION

### I. Plaintiff's Title VII Claims

In its Motion to Dismiss, Defendant first asserts Plaintiff's Title VII claims must be dismissed as untimely, because she failed to file her Complaint within ninety days of receiving her Notice of Right to Sue from the EEOC. (Defendant's Memo in Support, PP. 4-6). By statute, a Title VII complaint must be filed within ninety days of receipt of a Notice of Right to Sue from the EEOC. 42 U.S.C. §2000e-5(f)(1). As stated above, the EEOC issued its final decision in Plaintiff's case on June 6, 2006. (Defendant's Memo in Support, attached Exh. B). Plaintiff therefore had ninety (90) days from the date she received that decision within which to file suit. Plaintiff did not file this suit until January 18, 2007, more than four months after her deadline.

In her response to Defendant's motion, Plaintiff requests that the Court apply the principles of equity to toll the ninety day requirement, asserting her diligence in pursuing her claims in Illinois state court, together with Judge Reagan's decision to dismiss without prejudice in order to permit refiling, justify the employment of equitable tolling. (Plaintiff's Opp., P. 6). Under Eighth Circuit law, "the ninety-day limitation period of 42 U.S.C. § 2000e-5(f)(1) is not a jurisdictional prerequisite to federal suit and is, therefore, subject to equitable tolling in appropriate circumstances." Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir. 1989). The doctrine of equitable tolling is a limited one, however, "'reserved for circumstances that are truly beyond the control of the plaintiff.'" Bledsoe v. Nucor-Yamato Steel Co., 18 Fed. Appx. 433, 435 (8th Cir. 2001), quoting Shempert v. Harwick Chemical Corp., 151 F.3d 793, 798 (8th Cir. 1998), cert. denied, 536 U.S. 904 (2002). "For instance, the Supreme Court has indicated that equitable tolling might be appropriate when a claimant has received inadequate notice, when a motion for appointment of counsel was pending, when the court has led the plaintiff to believe that [s]he had done everything required of [her], or when affirmative misconduct on the part of the defendant has lulled the plaintiff into inaction." Hallgren v. U.S. Dept. of Energy, 331 F.3d 588, 590 (8th Cir. 2003), citing Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

Applying the foregoing principles to the instant case, the Court finds it appropriate to employ equitable tolling in this matter. Specifically, the Court finds Plaintiff here did not sleep on her rights, but rather filed her original Complaint in a timely manner in Illinois state court. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 429, 85 S.Ct. 1050, 1055, 13 L.Ed.2d 941 (1965). Further, when Defendant removed her case to federal court and then moved to dismiss or transfer, Plaintiff filed a response requesting that the motion be denied. The United States Supreme Court faced a similar situation in Burnett, and held as follows:

> Both federal and state jurisdictions have recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run. In both federal and state systems of justice rules have been devised to prevent this from happening. Thus a federal statute, 28 U.S.C. § 1406(a), allows a district court "of a district in which is filed a case laying venue in the wrong division or district...if it be in the interest of justice," to "transfer such case to any district or division in which it could have been brought."

Burnett, 380 U.S. at 430. The Supreme Court continued to note that, "[n]umerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred." Id. n. 7 (citations omitted). This Court thus finds Judge Reagan erred in dismissing Plaintiff's case, rather than transferring it to this District. Plaintiff should not suffer the loss of her claims due to his error, and so the Court will apply equitable tolling to save Plaintiff's Title VII claims. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990) (equitable tolling generally allowed where party actively pursued rights, but filed a defective pleading, including a timely filed complaint in the wrong jurisdiction). Defendant's Motion to Dismiss on this basis will therefore be denied.

**II.    Plaintiff's MHRA Claims**

Defendant next asserts Plaintiff's MHRA claims must be dismissed for failure to state a claim, because she never received the requisite right-to-sue letter from the MCHR. (Defendant's Memo in Support, PP. 6-7). In order to sue under the MHRA, a potential plaintiff first must file a complaint with the MCHR. R.S.Mo. §213.075; Hammond v. Municipal Correction Institute, 117 S.W.3d 130, 133 (Mo. App. 2003). The potential plaintiff then must obtain a right-to-sue letter from the MCHR before filing suit. R.S.Mo. §213.111; Whitmore v. O'Connor Management, Inc., 156 F.3d 796, 800 (8th Cir. 1998).

In a letter dated July 20, 2006, the MCHR informed Plaintiff its Executive Director had administratively closed her case. (Defendant's Memo in Support, attached Exh. C). The MCHR letter further explained that any appeal from the Commission's decision had to be filed in the Cole County Circuit Court. (Id.). As stated above, Plaintiff did not file such an appeal, but instead filed the present suit under Title VII and the MHRA. (Defendant's Memo in Support, P. 2).

"Obtaining a Right to Sue letter is a condition precedent to filing suit under the MHRA." Lehman v. United Parcel Service, Inc., 443 F.Supp.2d 1146, 1152 (W.D. Mo. 2006) (citations omitted). Plaintiff never received a right to sue letter from the MCHR, however, because she elected to bring her claims to federal court, rather than pursue an appeal in the Cole County Circuit Court. Under these circumstances, Plaintiff has not satisfied all of the conditions precedent to filing suit under the MHRA, and so her MHRA claims must be dismissed without prejudice. Lehman, 443 F.Supp.2d at 1152.[3]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 4) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Assess Costs under Federal Rule 11 (Doc. No. 9) is **DENIED**.

Dated this 17th day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] Upon consideration, the Court will deny Plaintiff's request for Rule 11 sanctions.